(119 App. Div. 485)

CLEMENT, State Com'r of Excise, v. MAST et al.

(Supreme Court, Appellate Division, Second Department.   May 3, 1907.)

APPEAL—DISCRETION OF COURT—DENIAL OF MOTION TO SET CASE FOR TRIAL.

> Where a state officer, bringing an action as such, failed to avail himself of the right given by Code Civ. Proc. § .791, subd. 1, to move for trial on the day stated in his notice of trial, his motion to set the case for trial on a subsequent day is addressed to the discretion of the trial court, which will not be reviewed, unless improperly exercised.

> [Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, § 3834.]

Appeal from Trial Term, Westchester County.

Action by Maynard N. Clement, as state commissioner of excise of the state of New York, against Rudolph O. Mast and another. From an order denying a motion that the action be preferred and set for trial, plaintiff appeals.   Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, RICH, and MILLER, JJ.

Albert O. Briggs (Herbert H. Kellogg, on the brief), for appellant.

RICH, J.   The plaintiff appeals from an order denying a motion that his action be preferred and set for trial during the January, 1907, trial term of the Supreme Court held in and for the county of Westchester.   His contention is based upon the provisions of subdivision 1 of section 791 of the Code of Civil Procedure.

The action is brought by a state officer as such, and is clearly within the provisions of that subdivision, and the notice of trial stated, as required to give the action a preference, that it would be moved as a preferred cause on January 7, 1907, at the opening of the court on that day, or as soon thereafter as counsel could be heard.   The provisions of the Code made the action a preferred cause without action of the trial court, and the plaintiff had an absolute right to move it for trial on the day and at the time stated in his notice, or, if the court was then otherwise occupied, as soon thereafter as he could be heard; and, had he done so, his right to a trial would be beyond question. Instead of availing himself of his absolute right, he moved for an order declaring the action a preferred cause and setting it for trial at some later day in the term, which in effect waived his right to move the cause, and sought relief which was within the discretion of the court. Section 791, subd. 1, provides:

"If the action or special proceeding is not moved by said attorney for trial or argument on that day, or as soon thereafter in the same term as the court can hear it, the other party may then move the trial or argument; otherwise it shall not be moved out of its order at that term except by the special order of the court."

There is nothing in the record showing that the plaintiff moved the case for trial on the day selected by him; but he did move for the special order authorized by this subdivision, and this motion was ad-

dressed to the discretion of the trial court, and we cannot say that it was improperly exercised.

The order must be affirmed, with $10 costs and disbursements. All concur.